[No. 880. Decided January 16, 1894.]

L. B. EICHOLTZ, *Respondent*, v. BEN HOLMES, *Appellant*.

FRAUDULENT CONVEYANCE — INSTRUCTIONS — HARMLESS ERROR.

Where the actual question at issue in an action of replevin is, whether or not the plaintiff had been a *bona fide* purchaser of the property, and the jury make a special finding that the plaintiff did not know that the sale to him was made with intent to hinder, delay or defraud creditors, a charge to the jury that "when a person purchases personal property with the knowledge that his vendor intends by the sale to defraud or defeat his creditors, or hinder or delay them in the collection of their debts, such purchaser will not be affected if he takes the property in good faith in payment of an honest debt," is not prejudicial, even if erroneous for the reason that it may imply that any debt less than the value of the property would suffice. (HOYT and STILES, JJ., dissent.)

*Appeal from Superior Court, Cowlitz County.*

A. F. Burleigh, and J. E. Lilly, for appellant.

M. E. Billings, and E. W. Ross, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action of replevin brought by respondent, L. B. Eicholtz, against Ben Holmes, sheriff of Cowlitz county, to recover the possession of certain property which had been levied upon by the sheriff aforesaid as the property of respondent's father, one C. S. Eicholtz, in an action by the Oregon Improvement Company against the said C. S. Eicholtz.

The contention of the appellant is that the alleged sale from Eicholtz, father, to Eicholtz, son, was in fraud of appellant's rights. The actual question at issue in the case was whether or not the respondent was a *bona fide* purchaser of the property. After the trial of the case, among other things, the court instructed the jury as follows:

"You are instructed that when a person purchases personal property with the knowledge that his vendor intends

by the sale to defraud or defeat his creditors, or hinder or delay them in the collection of their debts, such purchaser will not be affected if he takes the property in good faith in payment of an honest debt. Such a creditor violates no law when he takes payment of his debt, although he knows that the other creditors are thereby deprived of the means of collecting their own equally meritorious claims.''

It is claimed by the appellant that under this instruction, if the jury believed that any sum whatever was due from the father to the son in this case, if only $5, and that the property was transferred to satisfy such debt, then it would be valid as against the creditors, even though the fraudulent attempt should be known to the son.

We do not think that the instruction complained of will warrant this construction, but that the jury would understand from the expression, ''if he takes the property in good faith in the payment of an honest debt,'' that reference was made only to the amount of property sufficient to pay the debt. This it seems to us is the more natural construction to place upon the language used.

The testimony in this case shows, or at least it seems to have shown to the satisfaction of the jury, that there was an actual sale of the property from the father to the son; and, in answer to special interrogatories, the jury found that the value of the property at the time of the alleged sale was $300, and that the amount paid by the son to his father for the same was the sum of $300; so that, even conceding the correctness of the construction placed upon the instruction by appellant, it would be rendered harmless by these findings of the jury. But it is contended by the appellant that the finding of the jury, so far as the value of the property is concerned, is absolutely without foundation, and a perusal of the testimony satisfies us that such contention is correct, for there is not a syllable of testimony going to show the value of the property to be $300. On the contrary, all the evidence there is on the subject of the

value is that of the father and the son, one of them testifying that the property was worth $490, and the other that it was worth $450.    This corresponds with the allegations of the complaint also, and in the face of this testimony, absolutely uncontradicted by any other, that particular finding of the jury seems to be entirely without warrant.

However, there is another special finding of the jury, viz.: That L. B. Eicholtz, at the time of the alleged sale to him in March, did not know that the conveyance was made with intent to hinder, delay or defraud the creditors of his father.    While the finding in this case may not seem to us to be justified, considered with reference to the weight of the testimony, yet there was testimony on that subject which, if the jury believed it, would entitle them as a legal proposition, to render the special verdict aforesaid, and as that was one of the controversies in the case concerning which the testimony was conflicting, it was the special province of the jury to determine that fact in the case, and having determined it, we do not feel justified in disturbing their verdict.    In the light of that special finding we say that, conceding appellant's contention to be true, it affirmatively appears that the instruction was harmless; for the purchaser was without the knowledge that the vendor intended by the sale to defeat or defraud his creditors.    The same thing may be said of the alleged error of the court in refusing to give instructions 8, 10 and 11, asked by the defendant.

The other instructions asked by the defendant were more in the form of arguments than instructions, and all of them which we think properly stated the law were given by the court on its own motion, though in different phraseology, and we think the charge was a fair statement of the law governing the case.

The judgment will, therefore, be affirmed.

ANDERS and SCOTT, JJ., concur.

HOYT, J. (*dissenting*). — I am unable to agree with the conclusions of the majority in the foregoing opinion. The instruction complained of by appellant, and set out in said opinion, while, perhaps, capable of the construction given it by the majority, was such as to equally warrant the construction contended for by the appellant. This being so, it is impossible to say how the jury understood it. Hence it was not such an instruction as the appellant was entitled to. It related to one of the most vital questions in the case, and he was entitled to have a positive, unambiguous instruction as to the law relating thereto. If he did not get it, he is entitled to a reversal of the judgment unless it affirmatively appears that he could not have been injured by the error of the court in that regard. It is conceded that the finding of the jury as to the value of the property, having been only three hundred dollars, was entirely unsupported by the proofs, and that for that reason such finding must be disregarded.

The other reason suggested why such instruction could not have injured the appellant, was that the jury specially found that the respondent had no knowledge of the fraudulent intent of his father at the time he purchased the property. In my opinion this finding is not sufficient to show that the appellant was not injured by the instruction above referred to. It is in no manner made to appear therefrom that the jury in arriving at the general verdict might not have been influenced by their understanding of the instruction. It is a fact well known to all who have had anything to do with juries that they usually arrive at their general verdict first, and then answer the special interrogatories submitted to them, and in so doing so resolve every doubtful question of fact as to sustain the general verdict.

There is another reason why I think appellant is entitled to a new trial. The practically undisputed proofs showed that at the time respondent purchased the property there

was at most only an unsettled account between himself and his father, on which there was due not to exceed $200. It further appears that at the time of such purchase this indebtedness was not wiped out, but instead thereof a note for $300 was given in full payment for the property. For this reason it seems to me that many of the instructions given by the court were inapplicable to the evidence submitted to the jury, and had a tendency to mislead unless they had been supplemented by further instructions in the line of the requests made by appellant and refused by the court. I think that justice demands a reversal of the judgment, and a new trial.

STILES, J., concurs.